IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMECOS JACQUEL HENDERSON<br><br>Plaintiff,<br>vs.<br><br>TRANS UNION, LLC,<br>in its own name and t/a<br>TRANS UNION RENTAL<br>SCREENING SOLUTIONS, INC.<br>and<br>TRANS UNION RENTAL<br>SCREENING SOLUTIONS, INC., in its<br>own name, and<br>INSURANCE SUPERMARKET INC.<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendants Trans Union LLC, in its own name and trading as Trans Union Rental Screening Solutions, Inc., and Trans Union Rental Screening Solutions Inc. in its own name (together, "Defendants" or "Trans Union") and Insurance Supermarket, Inc. (hereafter "ISI") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq., as amended*.

2. Defendants Trans Union operate as a single consumer reporting agency ("CRA") under the FCRA. Trans Union, LLC has structured itself so as to warehouse its sale of credit reporting consumer reports in one entity, and its sale of criminal history (employment and landlord-tenant purposed) consumer reports in a second entity, its wholly owned subsidiary Trans Union Rental Screening Solutions ("TURSS"). Trans Union has substantial involvement in

1

TURSS operations with respect to the production of the reports that TURSS sells and the disclosure of information to consumers by TURSS.

## PARTIES

3. Plaintiff Damecos Jacquel Henderson is an adult individual who resides in the state of North Carolina.

4. Defendants are Trans Union LLC, in its own name and trading as Trans Union Rental Screening Solutions, Inc., and Trans Union Rental Screening Solutions, Inc. in its own name (together, "Defendants" or "Trans Union"). Trans Union is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

5. Defendant Insurance Supermarket Inc. (hereafter "ISI") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at Cambridge Innovation Center, 1951 NW 7th Avenue, #600, Miami FL 33136.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

8. In or about June 2022, Plaintiff applied for a position as a Licensed Insurance Advisor with Insurance Supermarket Inc. (hereafter "ISI").

9. In or around June 2022, ISI requested that Defendants Trans Union conduct a background check and prepare a report on Plaintiff.

10. On or about June 28, 2022, Defendants Trans Union sold to ISI at least one consumer report about Plaintiff which was inaccurate

11. The report furnished by Defendants Trans Union was for employment purposes.

12. The consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with ISI.

13. Defendants Trans Union have been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

14. The inaccurate information includes, but is not limited to reporting a criminal history or record that has been sealed and which should not have appeared on Plaintiff's report based on the Court Order of Nondisclosure dated in July 2020. (hereafter the "inaccurate information").

15. The inaccurate information grossly disparages the Plaintiff and portrays him as a convicted criminal. There is perhaps no greater error that a consumer reporting agency can make.

16. The derogatory inaccuracies appear to be caused by a misreading of public records. Any rudimentary inspection of the data would reveal the inaccuracies. Defendants Trans Union obviously failed to employ such a procedure.

17. In or around June 2022, Defendant ISI notified Plaintiff that he was denied employment as a result of the information contained in the background report.

18. Prior to being notified by Defendant ISI that he was denied employment, Plaintiff did not receive a pre-adverse action notice.

19. Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A).

20. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the consumer-applicant that they are about to experience an adverse action, such as a rejection, based on the content of a report, and to provide the consumer-applicant an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.

21. In violation of the FCRA, Defendant ISI failed to comply with the FCRA's mandatory pre-adverse action notification requirement *before* taking adverse action against Plaintiff, as required by 15 U.S.C. § 1681b(b)(3).

22. Had Plaintiff been given the opportunity to review the background check *before* being denied employment, he would have been able to dispute the inaccurate information, as intended under the FCRA.

23. As a direct result of the inaccurate information contained in his background report, and Defendant ISI's failure to provide adequate notice and the opportunity to dispute the inaccurate information, Plaintiff was denied the opportunity of employment with ISI.

24. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation, and embarrassment.

25. At all times pertinent hereto, Defendants was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of the Defendants as well as that of their agents, servants, and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I
## PLAINTIFF V. TRANS UNION

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, Defendants Trans Union was "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

29. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Trans Union are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

32. The conduct of Defendants Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants Trans Union are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II
## PLAINTIFF v. ISI

33. Plaintiff incorporates the foregoing paragraph as though the same were set forth at length herein.

34. Defendant ISI is a "person" as that term is defined by § 1681a(b) of the FCRA.

35. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

36. The above-mentioned report is a "consumer report" as that term is defined by § 1681a(d) of the FCRA.

37. Pursuant to its usual policies and practices, Defendant ISI never provided Plaintiff with a pre-adverse action notice before taking adverse action against him.

38. Defendant ISI routinely obtains and uses consumer reports, including background reports, on their job applicants and employees as part of their standard screening process.

39. Defendant ISI does not perform these background checks in-house. Rather, Defendant ISI obtains and uses consumer reports purchased from third party consumer reporting agencies.

40. Defendant ISI did not provide Plaintiff adequate pre-adverse action notice before taking adverse action against him based on the inaccurate information in Plaintiff's consumer report, despite being required to do so by § 1681b(b)(3)(A) of the FCRA.

41. This practice violates one of the most fundamental protections afforded to job applicants under the FCRA, and also runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would

automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete." *See* Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

42. A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate or discuss the report with the prospective employer before adverse action is taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

43. Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.*, 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. Nov. 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. Jan. 11, 2008) (quoting *Williams*). In *Reardon v. Closetmaid Corporation*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27, 2011), the court certified a class action for prospective employees who did not receive a copy of their credit report at least five days before being notified that the employer might take adverse action.

44. By means of these cases and others construing § 1681b(b)(3)(A), Defendant ISI had substantial notice that their conduct violated the FCRA.

45. By failing to provide adequate means or information to dispute the inaccurate information in the consumer report, prior to taking adverse action against him based on the report,

Defendant ISI disregarded the case law, regulatory guidance, and the plain language of the FCRA § 1681b(b)(3)(A).

46. Defendant ISI used consumer reports for employment purposes and took adverse action against Plaintiff based in whole or in part on the consumer report.

47. Defendant ISI negligently and willfully failed to comply with the requirements of FCRA § 1681b(b)(3)(A) by failing to provide Plaintiff with adequate pre-adverse action notice before taking adverse action against him.

48. Pursuant to 15 U.S.C. § 1681n and 1681o, Defendant ISI is liable to Plaintiff for willfully and negligently violating FCRA § 1681b(b)(3).

## JURY TRIAL DEMAND

49. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

                    Respectfully Submitted,

                    **FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   */s/ Mark D. Mailman*
              Mark D. Mailman, Esq
              Siobhán E McGreal, Esq.
              1600 Market Street, Suite 2510
              Philadelphia, PA 19103
              (215) 735-8600
              mmailman@consumerlawfirm.com
              smcgreal@consumerlawfirm.com

              *Attorneys for Plaintiff*

Dated: October 17, 2022